Ruffin, Chief Justice.
 

 — The hardship of this case has caused the Court to hesitate in forming an opinion, and to be reluctant to pronounce it. It presents, in a strong light, some of the inconveniences and mischiefs that may arise out of the statute, which requires gifts of slaves to be in writing; and tends to the conviction, that perhaps the better policy would be to make the gift of a slave complete by delivering to a child, unless a trust be reserved, or the bailment be manifested by writing. But after anxious consideration, we have not been able to raise a doubt of the soundness of the law, as held in the Superior Court. The argument for an estoppel is inconsistent with the act
 
 *481
 
 of 1806,
 
 (Rev. ch.
 
 701.) That is a statute of frauds; so expressed in its very first words, and so declared in
 
 Palmer
 
 v.
 
 Faucett,
 
 2 Dev. Rep. 240, and several other cases. Its purpose is to protect a supposed donor from any pretended gift, proved by witnesses, or to be inferred from any other act or thing, other than those mentioned in the act itself. They are two only: a gift in writing; and a delivery to a child, who remains in possession at the death of the parent!, intestate. The words are negative; “ that no gift shall be good, unless, &c.and therefore those means are indispensable. There is no case under the statute 29th Car. II. in which the want of the ceremonies required by it has been supplied by any thing else. The design of the statute is to exclude all such evidence- of the contract; and, therefore, in its nature, it avoids any thing which, as an estop-pel, might defeat it. There can be no estoppel in a case' of fraud, for the law avoids-the-act which would otherwise create it.
 

 It is not necessary to give an opinion, whether the acts-of the defendant, in the- character of executor of Mr. Mebane’s will, and as guardian of his children, could havecreated, in law, any temporary estoppel, by force of which’ the defendant was bound to surrender the possession of the-slaves to his wards, at their arrival at age. If they could,, it ceased when the plaintiff-took the slaves-into his owm possession. In the absence of a written donation, we are aware of nothing that can- permanently bar a donor, but an adverse possession, of sufficient duration to be protected by the statute of limitations, or an adjudication against him in an action for the slave.- Such an adjudication would conclude, not because it established a gift in particular, but, generally, that the title W’as not in him.
 

 The statute of limitations has no operation in this case. The possession of the plaintiff was not continued for three years' after he demanded it from the defendant on a claim of right, and acquired it upon the division. The defendant cannot be barred by his own possession. If, as argued, he held
 
 as
 
 executor, then he held as his testator did, namely, as his own bailee, which is absurd. The truth is, the defendant made a parol gift, which was void. He then
 
 *482
 
 made a second to the plaintiff, which is likewise void. The argument is, in effect, that he made an intermediategift to himself, and Mr. Mebane, the grandfather, as co-executors, which precludes him from disputing, the others-. The1 answer is, that this third is also by parol, and therefore void, like the other two. It cannot be held otherwise without repealing the statute, and we are therefore obliged to affirm the judgment.-
 

 Per Curiam. • Judgment affirmed.-